```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

4LIFE RESEARCH, LC              :    MISCELLANEOUS ACTION
                                :
      v.                        :
                                :
PAUL ULRICH                     :    NO. 02-185
```

ORDER

AND NOW, this 8th day of August, 2002, upon consideration of the motion of 4Life Research, LC, to compel the deposition of Ria Gilday, and the Court finding that:

(a) In an action pending in the United States District Court for the District of Utah, <u>4Life Research v. Paul Ulrich, et al.</u>, 02-CV-312 -- involving a claim by 4Life Research that Nu-Med USA induced former 4Life Research employee Paul Ulrich to breach his contract with 4Life Research, in part, by attempting to recruit 4Life Research employee Ria Gilday to work for Nu-Med USA -- 4Life Research took the deposition of Ria Gilday in Philadelphia;

(b) 4Life Research now moves to compel complete responses of Gilday to her deposition[1];

(c) Federal Rule of Civil Procedure 30(d)(1) makes it clear that subject to limited exceptions an attorney may not instruct a client not to answer a deposition question:

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce

---

[1] Since Gilday is a non-party, the Eastern District of Pennsylvania, embracing the place where Gilday's deposition was taken, is the proper forum in which to file this motion to compel. Fed. R. Civ. P. 37(a)(1).

> a limitation directed by the court, or to present a motion under Rule 30(d)(4).

Id.;

    (d)  Despite this obligation under the Rules, Gilday's counsel repeatedly instructed her not to answer questions, and asserted no proper basis for that instruction. For example:

> Q: Do you know, just approximately, what portion of your income is from the store and what portion is from consulting?
>
> A: Presently or then?
>
> Q: Let's say presently.
>
> MR. SCHILDHORN: I'm going to object. You're getting far afield here.
>
> MR. QUESENBERRY: Okay.
>
> BY MR. QUESENBERRY: Go ahead and answer.
>
> MR. SCHILDHORN: I'm going to instruct her not to answer.

Mot to Compel, Ex. A at 12; and

> Q: At this lunch meeting, was there any discussion about Nu-MED's products?
>
> MR. SCHILDHORN: Objection. She doesn't have to answer unless you want to tell me how this meeting deals with your lawsuit. Because as I understand it, Mr. Ulrich was not there and there was no communications with him or with or about him at the meeting. So if you can tie it in somehow, great. If not, it's purely a fishing expedition. I'm going to instruct her not to answer.

Id. at 40-41.; see also 40, 51-53, 55;

    (e)  While counsel may object to a question on the basis of relevancy, counsel may not stop a client from answering a question on that ground, see Fed. R. Civ. P. 30(d)(1); Gober v.

City of Leesburg, 197 F.R.D. 519, 520 (D. Fla. 2000); Boyd v. Univ. of Maryland Med. Sys., 173 F.R.D. 143, 147 (D. Md. 1997);

(f)  In Gilday's response to the motion, she again invokes relevancy, and also asserts privilege ("4Life is using the subpoena to attempt to obtain confidential and proprietary business information about Ms. Gilday's customers and sub-distributors."), but does not specify which questions in her deposition were designed to elicit privileged information and why, and we will not guess what, if anything, is behind this conclusory assertion;

(g)  Mindful of the District Court of Utah's trial schedule, we will require that the deposition of Gilday be completed by August 30, 2002; and

(h)  Pursuant to Fed. R. Civ. P. 37(a)(4)(A), counsel for Ria Gilday, Gary Schildorn, Esq., shall reimburse counsel for 4Life the reasonable expenses of counsels' travel to re-depose Gilday;

It is hereby ORDERED that:

1.  The motion of 4Life Research, LC to compel is GRANTED;

2.  4Life Research, LC shall RE-DEPOSE Ria Gilday at a mutually convenient time, but in no event later than August 30, 2002;

3.  Counsel for Ria Gilday shall reimburse counsel for 4Life Research, LC the reasonable costs they incur in traveling

to retake Ria Gilday's deposition; and

        4.   The Clerk shall CLOSE this matter statistically.

                BY THE COURT:

                _____
                Stewart Dalzell, J.